Bogardus v. The People.

---

Charles Bogardus, Francis Meharry, H. H. Atwood and C. H. Yeomans, v. The People of the State of Illinois, for use of the County of Ford.

1. SURETIES—*On Official Bond—Measure of Liability.*—The sureties on a bond can not be held for the malfeasance of the principal occurring during a previous term of office.

Memorandum.—Debt on official bond. Appeal from the Circuit Court of Ford County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1893. Reversed and remanded. Opinion filed December 8, 1893.

The opinion states the case.

ALFRED SAMPLE, C. H. YEOMANS, E. C. GRAY, and J. H. MOFFETT, attorneys for appellants.

COOK & MOFFETT, attorneys for appellees.

PER CURIAM.

This was an action on the bond of Merton Dunlap, as county clerk, for the term beginning December 1, 1890.

He was removed from office May 5, 1892. The sureties on this bond can not be held for the malfeasance of the principal accruing during his previous term of office, yet we find included in this judgment the sum of $428.05 for money improperly drawn by him prior to the date of this bond.

At least, such we understand to be the true meaning and force of the sixth stipulation, upon which the claim for unauthorized orders, issued to third parties, is based. Were the first clause of the stipulation to be considered alone, it would be clear enough that the money was obtained by the clerk during the term covered by this bond; but the final clause, which is not only the later, but the more specific statement, is conclusive against the plaintiffs.

It is urged that this is a mere clerical mistake and that it was not intended that the stipulation should be so construed. Perhaps it is so, but we can rely upon the record only as we find it, and upon the suggestion that the stipulation is not what it was intended to be, we will remand the case for another trial, and will not enter judgment here for the balance, as we might otherwise do.

Appellants urge that the orders, No. 8125 and 8127, which were issued to Dunlap without specific authority, were authorized by the general resolutions of the board, in reference to the payment of the notes of the county. These orders cover more than the amount claimed for unauthorized orders to Dunlap, and it should also be observed that the general resolutions do not provide for orders to be issued to Dunlap. Indeed it is not stated who were the holders of the notes, and so it is not apparent to whom the orders on that account were to be issued.

It is insisted by counsel for appellee that the testimony of

Sims makes the point clear, that the unauthorized orders referred to in the third and fourth stipulations did not include these.   The schedules which he refers to as having been prepared by him, are not in the record, nor do we think it is competent for him to determine what was authorized and what not.   As an expert he might give the result of his examinations upon a certain theory or hypothesis, but so far as he assumes to determine whether the resolutions of the board were authority for the clerk's action in a particular instance, his evidence was incompetent, and being objected to, was presumably disregarded by the court.   We do not decide whether as to these two orders the position of appellants is well taken, because we must reverse the case for the reason the judgment includes the item of $428.05, and because, as we suppose, whatever difficulty there is as to these matters can be obviated when the case is again tried.

The judgment will be reversed and the cause remanded.